IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TERRY HONEYCUTT and FRAN HONEYCUTT,
Husband and Wife, on their own behalf and on behalf
of others similarly situated, STEVE NADELLE and
LORI NADELLE, Husband and Wife, on their own
behalf and on behalf of others similarly situated,
ROBERT W. PHILLIPS, on his own behalf and on
behalf of others similarly situated, and PATRICK O.
DOYLE, on his own behalf and on behalf of others
similarly situated,**

      **Plaintiffs,**

v.                                                              No. CIV 07-0184 JCH/RLP

**FARMERS INSURANCE COMPANY OF ARIZONA,
FARMERS INSURANCE GROUP OF COMPANIES,
FARMERS INSURANCE GROUP, INC., FARMERS
INSURANCE EXCHANGE, FIRE INSURANCE
EXCHANGE, and MID-CENTURY INSURANCE
COMPANY,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs' *Motion to Remand*, filed June 12, 2009 [Doc. 132]. The Court having considered the motion, briefs, supplemental authorities, and relevant law, and being otherwise fully informed, finds that Plaintiffs' motion is not well taken and should be DENIED.

## BACKGROUND

On January 10, 2007, Plaintiffs filed their Complaint in New Mexico's Second Judicial District as a putative class action, pursuant to Rule 1-023 NMRA. *See* Complaint, attached as Ex. 1 to Notice of Removal [Doc. 2] at 14, ¶ 76. Defendants timely removed the case to this Court, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453.

Plaintiffs' Complaint presented an insurance coverage question; namely, whether the insurance policies written by Defendants provided coverage for water damage to the interior of a dwelling as long as the damage was not caused by one of thirteen explicit exclusions to coverage (as argued by Plaintiffs) or if coverage only attaches if the damage results from one of sixteen enumerated perils (as argued by Defendants).  The parties each filed motions for partial summary judgment on the coverage issue.  *See* Docs. 103 and 115.  On February 13, 2009, the Court issued a Memorandum Opinion and Order [Doc. 126] granting Defendants' motion and denying Plaintiffs' motion.  Although the Court ruled against Plaintiffs' interpretation of the policies at issue, it found that Plaintiffs' claims that Defendants wrongfully denied coverage remained technically viable because they could still raise individual fact questions regarding whether their interior water damage was caused by an enumerated peril.  *See* Doc. 126 at 4 n.2. Following the Court's ruling, Plaintiffs filed a Motion to Remand, arguing that their class allegations concerned only the contract provision on which the Court granted summary judgment to Defendants, and that the remaining individual claims stated an amount in controversy far below CAFA's jurisdictional threshold.  *See* Doc. 132.  On April 6, 2010, the Court held a status conference, during which all parties agreed that, given the Court's ruling on the parties' respective partial summary judgment motions, Plaintiffs' Motion for Class Certification [Doc. 85] should be denied.[1]  On April 29, 2010, the Court entered an Order denying Plaintiffs' Motion for Class Certification [Doc. 146], clearing the way for it to rule on Plaintiffs' Motion for Remand.

---

[1] Of course, in doing so, Plaintiffs did not signal their agreement with the Court's Order interpreting the policies, but simply agreed that class certification is not appropriate in light of the Order.

**DISCUSSION**

Plaintiffs' motion presents a very straightforward issue–whether this Court retains jurisdiction over a case properly removed pursuant to CAFA even after denial of a class certification motion. Despite being a straightforward question, the answer has proven to be less straightforward, and courts have not reached unanimous conclusions. At the time Plaintiffs filed their motion, no court of appeals had definitively ruled on the issue. However, the legal landscape now appears to be becoming more settled. Although the Tenth Circuit has yet to rule on the issue, three other courts of appeal have recently addressed the issue, all coming down in favor of the district court retaining jurisdiction after denial of class certification. *See United Steel v. Shell Oil Co.*, ___ F.3d ___, 2010 U.S. App. LEXIS 8208 (9th Cir. Apr. 21, 2010); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805 (7th Cir. 2010); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009).[2] The Court agrees with the logic of these rulings and, in the absence of binding precedent to the contrary, finds that it retains jurisdiction over this case.

The Court finds that CAFA's statutory language as well as general principles regarding removal jurisdiction weigh in favor of retaining jurisdiction over this matter. CAFA gives federal district courts original jurisdiction over purported class actions in which (1) the aggregate amount in controversy exceeds $5 million exclusive of interest and costs; (2) any member of a class of plaintiffs is a citizen of a State different from any defendant; and (3) the proposed class

---

[2] In their Memorandum in Support of their Motion to Remand, Plaintiffs cite a number of cases in which district courts found that CAFA divests courts of jurisdiction after denial of class certification. *See* Doc. 133 at 3 n.1. The vast majority of those cited cases are from courts in the 7th, 9th, and 11th circuits, and are no longer valid in light of the recent courts of appeals rulings.

consists of 100 or more persons.  28 U.S.C. §§ 1332(d)(2) and (5)(B).  A "class action" for CAFA purposes includes any civil action filed under Fed. R. Civ. P. 23 or a "similar state statute or rule of judicial procedure," 28 U.S.C. § 1332(d)(1)(B), such as Rule 1-023 NMRA under which Plaintiffs filed this action.  28 U.S.C. § 1453 provides that a "class action," as defined in § 1332(d)(1), may be removed to a federal district court.  Significantly, § 1332(d)(8) provides that "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action."

CAFA creates original federal jurisdiction at the time that a suit meeting § 1332(d)'s requirements is filed, which inevitably precedes class certification.  The plain language of the statute indicates that an action in which class certification is denied is still a "class action" because it was filed as such.  *See* 28 U.S.C. § (d)(1)(B) (defining "class action" as a suit filed under a statute or rule authorizing class actions, without reference to class certification).  Nothing in the statute indicates that post-removal denial of class certification divests a court of jurisdiction.  Section 1332(d) has no provision requiring class certification for continued jurisdiction, nor does § 1453 contain a provision requiring remand after denial of class certification.  Congress could have included such provisions had it intended that a properly removed class action be remanded if a class was not ultimately certified, and it did not do so.[3]

Not only does CAFA's plain language suggest that the Court should retain jurisdiction,

---

[3] This is not to say that merely pleading a suit as a class action will permanently confer federal jurisdiction in cases where it is clear from the outset of the litigation that no class could ever be certified.  A frivolous attempt to invoke federal jurisdiction through filing a suit that names a facially implausible class should be no more successful under the statutory interpretation adopted by the Court than any other frivolous invocation of federal jurisdiction.  The Court intends its ruling to be understood as only applying to cases in which, even though class certification is ultimately denied, the putative class named in the complaint is facially valid.

4

but retention of jurisdiction is also in keeping with the longstanding general principle that jurisdiction, once properly invoked, is not lost by developments, such as a change in a party's citizenship or reduction in the amount of controversy, that occur after the suit is filed.  *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 ("events occurring subsequent to the removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached").

Retention of jurisdiction also appears to be in keeping with the CAFA's intention "to respond to perceived abusive practices by plaintiffs and their attorneys in litigating major class actions with interstate features in state courts."  *Coffey v. Freeport McMoran*, 581 F.3d 1240, 1243 (10th Cir. 2009).  As pointed out by Judge Posner in his opinion in *Cunningham*, "if a state happened to have different criteria for certifying a class from those of Rule 23, the result of a remand [due to denial of class certification] could be that the case would continue as a class action in state court," and such a result "would be contrary to [CAFA's] purpose of relaxing the requirement of complete diversity of citizenship so that class actions involving incomplete diversity can be litigated in federal court."  *Cunningham*, 592 F.3d at 807.

Certainly in this particular case, because only individual claims that are highly fact-specific remain after the Court's ruling interpreting the insurance policies, the likelihood that these claims would be tried as a class action in the event of a remand is less than in some other instances.  Nonetheless, this issue appears best suited to the establishment of a reliable general rule, rather than an evaluation on a case-by-case basis, and, for all of the reasons discussed above, the Court finds that retention of jurisdiction is the better general rule.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion to Remand* [Doc. 132] is DENIED .

                                                              _____
**UNITED STATES DISTRICT JUDGE**